J-S19019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOCELYN CHANDLER, RICHARD JENNINGS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY BRACEY | : | |
| | : | No. 2027 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered April 10, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): May Term, 2006, No. 060502517

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.: **FILED DECEMBER 23, 2020**

Corey Bracey (Appellant) appeals *pro se* from the order entered in the Philadelphia Court of Common Pleas denying his petition to strike a default judgment entered against him and in favor of Jocelyn Chandler and Richard Jennings (Appellees). On appeal, Appellant argues the trial court erred by: (1) finding all his claims waived based upon his purported failure to file a Pa.R.A.P. 1925(b) statement; (2) failing to inform him he could appear at the petition to strike hearing by writ of *habeas corpus*, and (3) accepting personal jurisdiction when he was not properly served with Appellees' complaint. For the reasons below, we vacate the order denying Appellant's petition and remand for further proceedings.

This is the third time this appeal has appeared before this panel. The relevant facts and procedural history are detailed in a prior memorandum

decision filed on May 22, 2020, and need not be recounted herein. **See Chandler v. Bracey**, 2027 EDA 2019 (unpub. memo. at 2-6) (Pa. Super. May 22, 2020). It suffices to say the trial court denied Appellant's petition to strike a 2006 default judgment after Appellant, who is incarcerated, failed to appear for a show cause hearing. Order, 4/10/19. Appellant filed a timely appeal, but then purportedly neglected to comply with the trial court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Thus, in its September 9, 2019, opinion, the trial court suggested Appellant had failed to preserve any claims for appellate review. **See** Trial Ct. Op., 9/9/19, at 1-2.

Upon our initial review, we concluded the record was unclear as to whether Appellant — who was incarcerated and proceeding *pro se* — had actually complied with the court's Rule 1925(b) order, or demonstrated good cause or extraordinary circumstances warranting the filing of a statement *nunc pro tunc*. Thus, we remanded the case to the trial court to conduct a hearing on the matter. **See Chandler**, unpub. memo. at 12.

On remand, the trial court conducted a hearing on August 25, 2020, and found Appellant demonstrated the requisite good cause to warrant the filing of a Rule 1925(b) statement *nunc pro tunc*. **See** Trial Ct. Op., 12/11/20, at 2. Thus, the court entered an order that same day, directing Appellant to file a statement within 21 days. Order, 8/25/20. After experiencing issues receiving prison mail, which the trial court acknowledges, Appellant filed a Rule 1925(b) statement *nunc pro tunc* on October 22, 2020. Because this filing complied with our May 22, 2020, remand, the trial court transmitted the

record back to this Court at that time. *See* Trial Ct. Op. at 2. On November 9, 2020, we entered an order directing the trial court to file a supplemental opinion addressing the substantive issues raised in Appellant's October 22nd Rule 1925(b) statement. Order, 11/9/20. The trial court complied with our directive, and filed an opinion on December 11, 2020.

In its opinion, the trial court now requests that we remand the case for a hearing on the merits of Appellant's underlying petition. Trial Ct. Op. at 3. The court explains:

> As a result of Appellant's inability, despite good faith efforts, to respond to filing deadlines, this Court is deeply troubled by the conditions at Rockview State Correctional Institution and the lack of communication of said staff with the First Judicial District of Pennsylvania regarding mail and communication procedures. In light of these developments and Appellant's August 25[, 2020,] testimony regarding the systematic mail and communication problems at Rockview State Correctional Institution, this [court] cannot adequately address the merits of Appellant's 1925(b) Statement.
>
> Accordingly, in the interests of judicial economy and fair justice, this Court respectfully requests the Superior Court remand the above-captioned case so that a full hearing may be held on the merits of Appellant's original Petition to Strike Default Judgment.

*Id.*

Upon our review, we agree with the assessment of the trial court that, under the circumstances presented here, a remand for a full hearing on Appellant's petition to strike the August 2006 default judgment is warranted. As noted in our original memorandum decision, "Appellees admitted in the response to Appellant's motion to strike that the Affidavit of Service [filed with

- 3 -

the Complaint] 'appears defective,' and [they] conceded the proper remedy would be 'to vacate the judgment and allow [Appellant] to file an Answer.'" **Chandler**, unpub. memo. at 12 n.11.

Accordingly, we vacate the April 10, 2019, order denying Appellant's petition to strike the default judgment, and remand for further proceedings consistent with the trial court's December 11, 2020, opinion.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *12/23/2020*